*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-214

MARCH TERM, 2013

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Michael Rinaldo | } | DOCKET NO. 163-2-12 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

Defendant appeals pro se from his unlawful trespass conviction following a jury trial. We affirm.

Defendant was charged with unlawful trespass in February 2012. The State's information alleged that in January 2012, without legal authority or the consent of the person in lawful possession, defendant had entered or remained on property as to which notice against trespass had been given. At trial, the State presented testimony from the "keyholder" of the property in question. He indicated that he had requested a no-trespass order at the prompting of a town official and local police. Defendant was notified of the order on January 11, 2012. A police officer testified that later that day, she observed defendant on the property in question. She directed defendant to report to the police station, and defendant was processed for trespassing by a second officer. This officer testified that defendant admitted to him that he had been on the property to remove items from his vehicle, which was parked on the property. Defendant testified on his own behalf. He stated that he knew a notice of trespass had been issued against him, but he denied being on the property at the time in question and he denied admitting the same to the police. The jury found defendant guilty of unlawful trespass, and this appeal followed.

On appeal, defendant argues that he did not commit the crime of unlawful trespass. He asserts that the keyholder was coerced into seeking the no-trespass order and that the keyholder lied under oath. He also argues that the police lied about seeing him on the property. Finally, defendant challenges the trial court's admission of a redacted document that defendant had previously filed with the court.

We find defendant's arguments unpersuasive. The evidence supports defendant's conviction. See State v. Hammond, 2012 VT 48, ¶ 14, __ Vt. __ ("The court should enter a judgment of acquittal only if the State fails to offer any evidence to substantiate a jury verdict." (quotation omitted)). The State needed to show that defendant, without legal authority or the consent of the person in lawful possession, entered or remained on any land or in any place as to which notice against trespass has been given. 13 V.S.A. § 3705(a). The question of whether the keyholder felt pressured to seek a no-trespass order is not relevant to the charged crime. As

recounted above, the State's witnesses testified that defendant was served with a no-trespass order, and he was observed on the property in violation of the order. Defendant acknowledged receiving the order and he testified that, after receiving the order, the keyholder had not given him permission to enter the property to retrieve his belongings from his car. As to defendant's assertions that the State's witnesses were untruthful, defendant was free to challenge the credibility of the State's witnesses at trial and the record reflects that he did so. It is for the jury alone to decide if a particular witness is credible. See Hammond, 2012 VT 48, ¶ 14 ("Credibility questions raised by the evidence at trial are entirely within the province of the jury." (quotation omitted)). While defendant denied being on the property, the jury was unpersuaded by his testimony and instead credited the State's evidence.

Finally, we reject defendant's challenge to the admission of a document that defendant had created and filed with the court. Defendant suggests that the redaction of this document denied him the opportunity to present his case. The record shows that the State offered this document to show that defendant was aware of the no-trespass order. The State redacted portions of the document that it found irrelevant to the case at hand or potentially confusing to the jury. Defendant agreed to the admission of this document and raised no objection to the fact that it had been redacted. The court admitted the document, agreeing with the State that the redacted portions were irrelevant. Defendant fails to show that the court erred. See V.R.E. 104(a) (preliminary questions concerning admissibility of evidence shall be determined by trial court); V.R.E. 402 (evidence that is not relevant is not admissible). We note that this document reflected defendant's challenge to a police report in the case. Defendant was free to, and did, cross-examine the officer who wrote the report, and defendant was able to present his own version of events at trial. We find no error.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice